No. 207　　　　　March 18, 2026　　　　　831

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PETER MICHAEL BAGNALL,
*Defendant-Appellant.*

Multnomah County Circuit Court
23CR18005; A182491

Rima I. Ghandour, Judge.

Argued and submitted February 5, 2026.

David Sherbo-Huggins, Deputy Public Defender, argued the cause for appellant. Also on the brief were Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Stacy M. Chaffin, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Deputy Attorney General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Reversed and remanded.

**TOOKEY, P. J.**

Defendant appeals a judgment of conviction entered after he conditionally pleaded guilty to the crime of felon in possession of a firearm (FIP). Defendant challenges the denial of his pretrial motion to suppress, arguing that the circumstances were not sufficient for two deputies to reasonably suspect that he committed the crime of possession of a stolen vehicle (PSV) or unauthorized use of a vehicle (UUV). "[F]or a court to determine that an investigative stop was lawful under Article I, section 9, the court must find that the officer actually suspected that the stopped person had committed or was about to commit a specific crime or type of crime, and the court must conclude that the officer's subjective belief was objectively reasonable under the totality of the circumstances existing at the time of the stop." *State v. Betancourt*, 374 Or 44, 49, 573 P3d 389 (2025) (internal quotation marks omitted). Here, we agree with defendant that the deputies' belief that he had committed the crime of PSV or UUV was not objectively reasonable. We therefore reverse and remand.[1]

We review the denial of a motion to suppress for legal error. *State v. Maciel-Figueroa*, 361 Or 163, 165, 389 P3d 1121 (2017). In doing so, we are bound by the trial court's factual findings if supported by evidence in the record and, in the absence of express findings, will assume implicit findings consistent with the ruling. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993).

We briefly describe the relevant facts. In April 2023, at around 6:00 p.m., two sheriff's deputies, McPherson and Farmer, were patrolling in separate vehicles close to the Gateway Transit Center in Portland. The deputies had years of experience, and they described the location as a "high crime area."

The deputies observed a car parked by itself in the far southwest corner of a Fred Meyer parking lot. The car had no license plates on the front or back, and it did not display a trip permit or temporary registration tags. The two front seat occupants were "kind of slumped over." Based on

---

[1] Defendant also contends that the deputies' belief that he had committed a "drug crime" was not objectively reasonable. The state does not argue otherwise. And having considered defendant's arguments, we agree with defendant.

the lack of plates and the location, the deputies suspected the vehicle might be stolen. Given the prevalence of drug use in the area and the time of day, they also suspected the occupants might have used illegal drugs. They decided to initiate a stop of the parked vehicle.

McPherson pulled up behind the vehicle, and Farmer parked in front of it. The vehicle was "boxed in" by the two patrol cars. Farmer activated his overhead lights, and the occupants woke up. During the investigatory stop, the deputies discovered a gun in the car and learned that defendant, who was the passenger, was a felon. Using the vehicle identification number, the deputies learned that the car was not stolen.

Defendant was charged with the crime of FIP. He filed a motion to suppress, arguing that the deputies lacked reasonable suspicion when they stopped him. After a hearing on the motion, the trial court denied it. On appeal, defendant renews his argument that the deputies did not have reasonable suspicion to conduct an investigatory stop. We agree.

Article I, section 9, of the Oregon Constitution establishes the right of the people to be secure from "unreasonable search, or seizure." A law enforcement officer who has reasonable suspicion of a crime may conduct an investigatory stop without violating that constitutional right. Reasonable suspicion exists when an officer subjectively believes that a person has committed or is about to commit a crime and that belief is objectively reasonable under the totality of the circumstances. *Ehly*, 317 Or at 79-80. Objective reasonableness requires "specific and articulable facts that give rise to a reasonable inference that the defendant committed or was about to commit a specific crime or type of crime." *Maciel-Figueroa*, 361 Or at 165. "Objective reasonableness presents a question of law that requires an independent assessment by the court." *Betancourt*, 374 Or at 49 (internal quotation marks omitted).

When determining whether there was reasonable suspicion of a crime, we consider "the totality of the circumstances existing at the time of the stop." *Maciel-Figueroa*,

361 Or at 182. In addition, an officer's training and experience "can be a significant consideration" in determining whether there was reasonable suspicion. *Betancourt*, 374 Or at 51 (internal quotation mark omitted).

Reasonable suspicion is "a relatively low barrier." *State v. Roberts*, 308 Or App 225, 230, 480 P3d 1016 (2020), *rev den*, 367 Or 827 (2021) (internal quotation marks omitted). "[T]his court's Article I, section 9, jurisprudence does not require certainty or even probability for suspicion to be reasonable." *Betancourt*, 374 Or at 55. At the same time, reasonable suspicion requires "more than mere speculation." *State v. Kreis*, 365 Or 659, 665, 451 P3d 954 (2019). Generalized suspicions that "criminal activity may be afoot" are not sufficient to justify a stop. *Maciel-Figueroa*, 361 Or at 170, 180-81.

On appeal, the state argues that it was reasonable to suspect that defendant had committed the crime of PSV or UUV because: (1) the car had no license plates or temporary tags; (2) it was in a high crime area; (3) it was parked on its own in the far corner of a Fred Meyer parking lot; and (4) the two occupants were "slumped over" or unconscious during the daytime.

Considering the totality of the circumstances, we are not persuaded that they were sufficient for the deputies to believe that defendant committed the specific crime of PSV or UUV. Without more, the mere fact of missing license plates is not likely to provide reasonable suspicion that a vehicle is stolen. *State v. Duffee*, 336 Or App 763, 766, 561 P3d 1140 (2024). And given where the car was parked, and the fact that defendant was slumped over during the daytime, it may have been reasonable to infer that defendant was not shopping at the Fred Meyer store, but the location of the parked car, defendant's posture, and the time of day do not add much to the calculus of whether the car was stolen.

The deputies testified that the location was a "high crime" area where they had previously discovered dozens of stolen vehicles under similar circumstances. Certainly, the reasonable suspicion standard includes "a proper regard for the experience that police officers bring with them when

they encounter criminal suspects." *State v. Holdorf*, 355 Or 812, 827-28, 333 P3d 982 (2014). At the same time, "[s]uch instinct and experience cannot *** form the entire basis for 'reasonable suspicion,' because no practical control can be exercised over police by courts if, in the absence of any very remarkable activity, the officer's instinct and experience may be used as the sole reason to justify infringement upon the personal liberty sought to be protected ***." *State v. Valdez*, 277 Or 621, 628, 561 P2d 1006 (1977).

Here, although the deputies suspected some kind of criminal activity, based on the facts that they articulated, their subjective belief that defendant had committed the crime of PSV or UUV was not objectively reasonable because they failed to articulate additional facts sufficient to make it reasonable to infer the car was stolen. There could be various explanations for why the car was missing its license plates, why the car was parked at that location, and why the passengers were slumped over in the car. Even considering the deputies' training and experience, without more, it was simply too great an inferential leap to jump from the facts articulated by the deputies to the conclusion that defendant had committed the crime of PSV or UUV. *Cf. Duffee*, 336 Or App at 766-67 (explaining that it was reasonable to infer a truck was stolen because not only was the truck missing plates, but, in addition, the trip permit was expired, it did not look like a standard trip permit, a man riding in the truck bed walked off as the officer approached, the driver did not have a driver's license, and the defendant claimed ownership of the truck but had no proof of insurance). We therefore conclude that the trial court erred in denying the motion to suppress.

When a defendant enters a conditional plea and prevails on appeal, the defendant "may withdraw the plea." ORS 135.335(3). We therefore reverse the judgment of conviction for FIP and remand so that defendant may decide whether to withdraw his plea.

Reversed and remanded.